# Terms of Members of the Civil Rights Commission

The six-year term of a member of the United States Commission on Civil Rights runs from the date on which his or her predecessor's term ends, not from the date of the member's appointment.

November 30, 2004

MEMORANDUM OPINION FOR THE DEPUTY COUNSEL TO THE PRESIDENT

You have asked for our opinion about the date on which the terms of the current Chairperson and Vice Chairperson of the United States Commission on Civil Rights ("Commission") will expire. We conclude that the terms of these two members will expire on December 5, 2004, six years after the expiration of their predecessors' terms.

The Commission, which investigates various forms of discrimination, 42 U.S.C. § 1975(a) (2000), consists of eight members. The President appoints four members, and the President pro tempore of the Senate and the Speaker of the House of Representatives each appoint two. *Id.* § 1975(b). The statute provides that "[t]he term of office of each member of the Commission shall be 6 years." *Id.* § 1975(c).[1]

On January 26, 1999, President Clinton appointed to the Commission the two members who are the current Chairperson and Vice Chairperson. In each case, the term of the member's predecessor had expired on December 5, 1998, and the commissions for the new members were "for a term expiring December 5, 2004."[2] We understand that the Chairperson now takes the position that her term expires in January 2005.

In *United States v. Wilson*, 290 F.3d 347 (D.C. Cir.), *cert. denied*, 537 U.S. 1028 (2002), the Court of Appeals for the D.C. Circuit held that the six-year term of a member of the Commission runs from the date on which his or her predecessor's term ends, not from the date of the member's appointment. That decision is consistent with the prior opinion of this Office, which also had concluded that a member's term begins when his or her predecessor's ends, *see Duration of the Term of a Member of the Civil Rights Commission*, 25 Op. O.L.C. 225 (2001); the Department advanced that view in litigation, *see, e.g.*, Opening Brief for Appellants, *United States v. Wilson*, 290 F.3d 347 (D.C. Cir. 2002) (No. 02-5047) (brief filed Mar. 2002); and the court of appeals agreed.

The holding in the *Wilson* case is squarely applicable here. President Clinton had appointed Victoria Wilson upon the death of her predecessor. Her commission

---

[1] With the concurrence of the Commission's members, the President designates a Chairperson and Vice Chairperson from among the members. *Id.* § 1975(d)(2).

[2] The quoted language comes from the records of the State Department, which keeps typed replicas of commissions.

stated that her appointment was "'for the remainder of the term expiring'" six years after her predecessor's appointment. 290 F.3d at 350 (quoting commission). After the termination date in the commission, President Bush appointed a successor, but Ms. Wilson maintained that her term continued until six years after her appointment and thus had not ended. In the litigation that followed her refusal to give way to her successor, she pointed out that, before amendments in 1994, the applicable statute expressly stated that a Commission member appointed to fill a vacancy would serve only the remainder of his or her predecessor's term, but in 1994 this language was deleted. Ms. Wilson contended that, in these circumstances, the statutory provision under which "[t]he term of office of each member of the Commission shall be 6 years," 42 U.S.C. § 1975(c), unambiguously makes the term run from the time of appointment, and the different date in her commission could not overcome the requirement of the statute.

Although Ms. Wilson prevailed in the district court, a unanimous panel of the court of appeals reversed that decision and rejected her argument. The court found the phrase "term of office" ambiguous, since the six-year period could "either run with the person or with the calendar." 290 F.3d at 353. The term would "run with the person" if "[e]ach individual member of the Commission, however appointed, whenever appointed, is entitled to serve a six-year period of time." *Id.* The term would "run[] with the calendar" if "each member of the Commission must be assigned to a fixed, six-year 'slot' of time," beginning with the end of his or her predecessor's term. *Id.* The court then reasoned from a transitional provision in the 1994 amendment, under which "[t]he term of each member of the Commission in the initial membership of the Commission [under the amendment] shall expire on the date such term would have expired as of September 30, 1994." 42 U.S.C. § 1975(b)(1). On that date, the members of the Commission were serving staggered terms, with half of the members' terms expiring every three years. The court wrote that this language "provides an 'anchor'—fixed times for terms of Commissioners to expire," corresponding to the staggered terms that the members were serving at the time of the 1994 amendment. 290 F.3d at 355. The provision "creates a pattern of staggered appointments," and "[s]taggered terms must run with the calendar, rather than with the person, to preserve staggering." *Id.* Therefore,

> any appointment to fill a vacancy for an unexpired term, such as Ms. Wilson's appointment, must only be for the duration of that unexpired term. For it to be otherwise would disrupt the fixed and staggered six-year terms that run with the calendar.

*Id.* This interpretation, the court went on, was confirmed by "relevant practices of the Executive Branch," creating "background understandings" that Congress is "presumed to preserve, not abrogate." *Id.* at 356. President Clinton had followed this practice in appointing Ms. Wilson to the remainder of her predecessor's term,

as specified in Ms. Wilson's commission. *Id.* at 358.[3] The court's conclusion also fit with the "'context' . . . [of] related provisions in historically antecedent statutes," *id.* at 359 (citation omitted), and it avoided such anomalous results as the "political manipulation" of "concerted resignations near the end of a President's term" that would allow new appointments for full six-year periods, *id.* at 361.

There is no fair ground for distinguishing *Wilson* here. If a member's six-year term runs with the calendar, the Chairperson's and the Vice Chairperson's terms must end on December 5, 2004—six years after their predecessors' terms expired. It cannot make a difference that these two members were appointed after their predecessors' terms expired, while Ms. Wilson was appointed to fill out the unexpired portion of a prior term. In the case of either a delayed appointment or an unexpired term, a six-year term calculated from the date of appointment would "disrupt the fixed and staggered six-year terms that run with the calendar." *Id.* at 355. To avoid this disruption, the Chairperson's and Vice Chairperson's terms must expire on the date given in their commissions, which is six years after their predecessors' terms ended.

Indeed, the court in *Wilson* addressed, and dismissed, the possibility that the method for calculating the terms for delayed appointments might differ from the method for unexpired terms. Counsel had apparently conceded at oral argument that the current Chairperson's and Vice Chairperson's terms ran with the calendar, but tried to distinguish the term of a member appointed to fill a vacancy before a predecessor's term expired. *Id.*[4] The court rejected any distinction between the two situations:

> This anomalous result [that the two situations would be treated dif-ferently] further undermines appellee's interpretation of the statute. We have difficulty believing that Congress *sub silentio* created two different tracks with full six-year terms for those commissioners who succeeded appointees who by reason of death or resignation did not serve out their full terms, but truncated terms for those who succeed-ed members who served for six years but whose vacancy was not immediately filled by Presidential appointment. Nothing in section 1975(c) gives any indication that the phrase "the term of office of each member of the Commission" has two different meanings for two distinct classes of commissioner not otherwise recognized in the statute. The lack of such differentiation and appellee's concession that "delayed appointees" serve terms shortened by the interval be-tween the expiration of the predecessors' term and the date of their

---

[3] The commissions for the current Chairperson and Vice Chairperson also reflect this practice.

[4] The current Chairperson and Vice Chairperson had intervened in the *Wilson* case. *Id.* at 351–52. We have been unable to determine whether the counsel who made the concession was the one representing them or the separate counsel representing Ms. Wilson.

appointment further supports our interpretation that, read together, the two sentences of [section] 1975(c) [one setting a six-year term, the other providing for terms to expire as they were set to do as of September 30, 1994] create fixed six-year terms that run with the calendar.

*Id.* at 355–56.

We understand that a personnel form for the current Chairperson may indicate that her term does not expire until January 2005. The statute, however, sets the terms of the members. *See, e.g.*, *Quackenbush v. United States*, 177 U.S. 20, 27 (1900) ("the terms of the commission cannot change the effect of the appointment as defined by the statute"); *Case of Chief Constructor Easby*, 16 Op. Att'y Gen. 656 (1880); *Impact of Panama Canal Zone Treaty on the Filling of the Vacancy in the Office of the District Judge for the United States District Court for the District of the Canal Zone*, 1 Op. O.L.C. 236, 237 n.4 (1977); Memorandum for John W. Dean III, Counsel to the President, from Leon Ulman, Deputy Assistant Attorney General, Office of Legal Counsel, *Re: Presidential Commissions* at 5 (Dec. 1, 1971); *see also Wilson*, 290 F.3d at 358–59. Furthermore, under the statute, it is the President, not the Commission, who makes the appointment to the statutory term, 42 U.S.C. § 1975(c), and the President's appointments here, in accordance with the commissions he issued, were for terms ending December 5, 2004. The personnel records of the Commission do not override the statutory requirements.

*Wilson*, which adopted the statutory interpretation that the Justice Department advanced and that we still hold, disposes of the question you have asked. Consistent with the provisions of the commissions signed by President Clinton, the terms for the current Chairperson and Vice Chairperson will expire December 5, 2004.

DANIEL L. LEVIN
*Acting Assistant Attorney General*
*Office of Legal Counsel*